IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KERRY DEWEY,                              §
TDCJ #316367,                            §
                                         §
                Petitioner,              §
                                         §
v.                                       §        CIVIL ACTION NO. H-07-0394
                                         §
NATHANIEL QUARTERMAN, Director,          §
Texas Department of Criminal Justice -   §
Correctional Institutions Division,      §
                                         §
                Respondent.              §

## MEMORANDUM AND ORDER

The petitioner, Kerry Dewey (TDCJ #316367), is a state inmate incarcerated in the

Texas Department of Criminal Justice - Correctional Institutions Division (collectively,

"TDCJ").  Dewey has filed a petition for a federal writ of habeas corpus to challenge the

result of a prison disciplinary conviction.  He has also filed a memorandum of law in support

of his petition.  After reviewing all of the pleadings and the applicable law under Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts, the Court

concludes that this habeas corpus case must be **dismissed** for reasons set forth below.  To

the extent that Dewey mixes civil rights claims in his habeas corpus petition, however, those

claims will be **severed** for consideration in a separate action governed by 42 U.S.C. § 1983.

## I.      BACKGROUND

Dewey reports in his petition that he is presently in custody as the result a felony

conviction for attempted capital murder that was entered against him in January of 1981, in

the 605th District Court of Galveston County, Texas.  Dewey is presently serving a ninety-nine year prison sentence as a result of that conviction.  Dewey does not challenge his underlying conviction here.  Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Ellis Unit in Huntsville, Texas, where he presently resides.[1]

According to Dewey, officials at the Ellis Unit issued charges against him in disciplinary case #20060372738 for violating prison rules by forging another inmate's name on a piece of correspondence.  Dewey was convicted of the charge following a hearing before a disciplinary officer.  As a result of the disciplinary conviction, Dewey reports that he was restricted to his cell for thirty days without commissary privileges.  Dewey challenged the result of his disciplinary proceeding by filing Step 1 and Step 2 grievances, which are attached to his supporting memorandum, but his appeals were unsuccessful.

Dewey now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case #20060372738.   Dewey argues that he was denied due process at his disciplinary proceeding because the charges were the product of an illegal conspiracy by prison officials.  He insists that the charges against him were "false" and that his conviction is not supported by substantial evidence.  Notwithstanding the arguments made in the petition, the Court finds that Dewey is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

---

[1]     Because the petitioner is incarcerated within this district, this Court has jurisdiction over his petition.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

II.    **DISCUSSION**

A.    **Alleged Due Process Violations**

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction.  The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations, however, are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringes upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation

3

to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted).

Only those state-created substantive interests that "inevitably affect the duration of [a

prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.

*Id*. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516

U.S. 1059 (1996).

In Texas, only those sanctions resulting in the loss of good-time credits by inmates

eligible for release on mandatory supervision or otherwise directly and adversely affecting

release on mandatory supervision will result in an imposition upon a protected liberty

interest.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).  Dewey reports that

he is eligible for mandatory supervision in 2015, but concedes that he did not lose any good-

time credits as a result of the prison disciplinary conviction at issue in his petition.  (Doc.

# 1, *Petition*, ¶ 18).  Rather, in Dewey's case, his commissary privileges were temporarily

curtailed and he was restricted to his cell for a limited time.

According to well-settled precedent, sanctions that are "merely changes in the

conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison

v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  The imposition of a restriction on commissary

or recreation privileges, and a cell restriction or solitary confinement on a temporary basis,

are the type of sanctions that do not pose an atypical or significant hardship beyond the

ordinary incidents of prison life.  *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S.

at 486 (refusing to recognize a liberty interest in administrative segregation).  Accordingly,

the sanctions imposed against Dewey do not implicate a liberty interest protected by the Due Process Clause.

Because the sanctions assessed against Dewey do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Accordingly, Dewey's petition must be dismissed.

### B.    Civil Rights Claims - Retaliation

In addition to seeking federal habeas corpus relief, the petition submitted by Dewey also invokes 42 U.S.C. § 1983, and attempts to allege civil rights violations for retaliation. A claim alleging retaliation in the prison context is distinct from a claim asserting violations of due process in the disciplinary hearing context. Allegations that a prison official has instituted false disciplinary proceedings in retaliation for filing a grievance, for example, can state a claim for violations of civil rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995).

Prisoner complaints alleging violations of civil rights are governed by the statutory scheme established by the Prison Litigation Reform Act (the "PLRA"). Where a prisoner has presented a mixed habeas/civil rights complaint, the Fifth Circuit has counseled district

5

courts to consider these claims separately. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (citing *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). So that Dewey's retaliation claim can be reviewed properly under 42 U.S.C. § 1983 and the PLRA, the Court will sever this claim for consideration in a separate case.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

6

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.     The federal habeas corpus petition seeking relief from a prison disciplinary conviction for alleged violations of due process is **DENIED**, and this case is **DISMISSED** with prejudice.

2.     A certificate of appealability is **DENIED**.

3.     The petitioner's civil rights claim for retaliation stemming from the disciplinary case at issue is **SEVERED**.  The Clerk's Office shall docket a copy of the complaint and supporting memorandum (Docs. # 1, # 2) in a separate action characterized as one alleging civil rights violations under 42 U.S.C. § 1983.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>January 31</u>, 2007.

Nancy F. Atlas
United States District Judge